UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID FREEMAN,

    Plaintiff,

v.                                      Case No:   2:17-cv-559-FtM-99MRM

MATTHEW CLEARY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the Undersigned on the Order to Show Cause (Doc. 13) filed on April 2, 2018.  Plaintiff David Freeman failed to respond to the Order to Show Cause and the time to respond has lapsed.

The background of the case is as follows.  On October 12, 2017, Plaintiff filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff also filed an Affidavit of Indigency (Doc. 10) on February 23, 2018, seeking to proceed without the prepayment of fees and other costs.  After Plaintiff filed his Affidavit of Indigency (Doc. 10) and Prisoner Consent Form and Financial Certificate (Doc. 11), the Undersigned reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and entered an Order (Doc. 12) on February 26, 2018, explaining that as written, Plaintiff's Complaint fails to state a federal claim and as such, the Undersigned required Plaintiff to file an Amended Complaint.  (Doc. 12 at 3-4).  When Plaintiff failed to file an Amended Complaint, the Undersigned entered an Order to Show Cause (Doc. 13) on April 2, 2018 that:  (1) afforded Plaintiff another opportunity to comply with the February 26, 2018 Order by filing an Amended Complaint on or before April 20, 2018; and (2) required

Plaintiff to show good cause why this action should not be dismissed for failure to prosecute. (Doc. 13 at 1-2). As stated above, Plaintiff did not comply with the Order to Show Cause.

As explained in the February 26 Order, Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915. A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the Complaint (Doc. 1), Plaintiff alleges that he seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983, claiming "attorney malpractice, repudiated adequate legal representation, and fraud with grand theft under deceptive practices." (Doc. 1 at 2). Plaintiff states that he retained attorney Matthew Cleary to represent him in a criminal matter and paid Mr. Cleary $5,000.00. (*Id.* at 3 ¶ 4). Plaintiff alleges that at the time he hired Mr. Cleary, Mr. Cleary failed to inform Plaintiff that Mr. Cleary had a pending Florida Bar complaint against him. (*Id.*). Plaintiff also claims that Mr. Cleary accepted Plaintiff's retainer fees "and virtually did nothing to substantiate good intent, thereby committing fraud under Florida Statute [§] 817.0345." (*Id.* at 3-4 ¶ 4). Eventually, after Mr. Cleary was dismissed, the public defender was appointed to represent Plaintiff and then Plaintiff's family retained the services of attorneys Apellaniz and Gallop. (*Id.* at 4 ¶ 5).

The balance of the Complaint contains legal argument. (*See id.* at 4-10). Within the legal arguments, Plaintiff claims that Mr. Cleary violated Plaintiff's constitutional rights due to Mr. Cleary's malpractice and these constitutional violations are cognizable under 42 U.S.C. § 1983. (*Id.* at 5). Plaintiff concedes that Mr. Cleary "was not acting through the government,"

but argues "the oath taken by attorneys[] within the Florida Bar puts the burden equal to those members of the entire judicial system." (*Id.* at 6). Plaintiff argues that Mr. Cleary was acting under "color of law." (*Id.* at 7). Plaintiff seeks an Order requiring Mr. Cleary to reimburse him for the $5,000.00 retainer fee, award him compensatory damages of $50,000.00, and award punitive damages of $50,000.00. (*Id.* at 10).

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of **was acting under color of state law**; and
> (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (emphasis added); *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). "To satisfy section 1983's 'under color of [state law]' requirement, a plaintiff must demonstrate that 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 984 F.2d 401, 403 (11th Cir. 1993) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted).

Even though Plaintiff attempts to claim that Mr. Cleary acted under color of law, Plaintiff's claim fails. Plaintiff retained a private citizen and attorney, Mr. Cleary, to represent him in court. The Supreme Court held even a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). The Supreme Court explained that

a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control." *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 542 (2001) (quoting *Polk Cty.*, 454 U.S. 321-322); *see also Rogozinski v. Spaulding*, 330 F. App'x 170, 171 (11th Cir. 2009); *Hochstadt v. McHugh*, No. 08-61098-CIV, 2008 WL 3992295, at *2 (S.D. Fla. Aug. 27, 2008). Consequently, Plaintiff's Complaint fails to state a claim under § 1983. Moreover, although Plaintiff mentions the Eighth and Fourteenth Amendments to the United States Constitution, he does not state a claim under these Amendments or any other constitutional provision.

In addition, Plaintiff failed to comply with the February 26, 2018 Order (Doc. 12) and the Order to Show Cause (Doc. 13). Under Local Rule 3.10, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. R. 3.10(a). Here, Plaintiff did not comply with the February 26, 2018 Order (Doc. 12), the Order to Show Cause (Doc. 13), and did not file an Amended Complaint. Thus, it appears that Plaintiff has failed to prosecute this action.

For the foregoing reasons, the Undersigned finds that Plaintiff's request to proceed *in forma pauperis* should be denied and this action be dismissed.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Declaration in Support of Request to Proceed *In Forma Pauperis* (Doc. 7) be **DENIED**.

2)     The Affidavit of Indigency construed as a Motion to Proceed *In Forma Pauperis* (Doc. 10) be **DENIED**.

3)     This action be dismissed.

Respectfully recommended in Chambers in Ft. Myers, Florida on May 9, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties